| | |
|---|---|
| **From:** | Young, Stewart (USAUT) 3 |
| **To:** | Rudy Bautista |
| **Subject:** | Re: Chavarin |
| **Date:** | Wednesday, May 3, 2017 5:07:30 PM |

I never said that. My records showed he got 202 days for the AZ conviction, and it is within 2 years of the instant offense, so I'll be shocked if he is Criminal History Category I and safety valve eligible. If he is safety valve eligible, then I'd recommend the guidelines in the plea. If he is not safety valve eligible, then I'll recommend the ten years.

We had this discussion already. You said he was gonna plead so we continued it to get it plead, while you said that Ocampo wanted to go to trial, remember? If he doesn't want to plead, that's totally fine, I just don't think I can do it on May 22nd given that you told me he was gonna plead.

Call me at your convenience to discuss. Thanks. 801-834-9459.

Sent from my iPad

On May 3, 2017, at 4:47 PM, Rudy Bautista <rudy@bbpdefense.com> wrote:

> As such, if he decides not to plea and go to trial, you will be filing an 851 based on his Arizona state conviction, correct? I'm being told different things, first that he plead to straight possession and received probation. Do you know what exactly he plead to and what his sentence was?
>
> Rudy J. Bautista ¦ *Shareholder*
> BAUTISTA, BOOTH & PARKINSON, P.C.
> 215 South State Street, Suite 600
> Salt Lake City, UT 84111
> T: 801.232.5311 ¦ F: 801.618-3835
>
> NOTICE OF PRIVILEGED AND/OR CONFIDENTIAL NATURE OF THIS COMMUNICATION
> This message is being sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, or a person responsible for delivering a copy to the intended recipient, please advise the sender immediately by reply e-mail or by calling the sender at (801) 232-5311. Immediately delete this message and any attachments without forwarding or making or retaining a copy. Thank you.
>
> P Please consider the environment before printing this e-mail.
>
> On May 3, 2017, at 4:40 PM, Young, Stewart (USAUT) 3

<Stewart.Young@usdoj.gov> wrote:

In the "new" administration, if this case had come in now, I'd probably be told to file the 851 at the outset, but we didn't.

Sent from my iPad

On May 3, 2017, at 4:37 PM, Rudy Bautista <rudy@bbpdefense.com<mailto:rudy@bbpdefense.com>> wrote:

Ok, that's what I thought, I just got excited when I was reading plea form and it outlined an "anticipated" guideline of 25. Thanks.

Rudy J. Bautista ? Shareholder

Bautista, Booth & Parkinson, p.c.
215 South State Street, Suite 600
Salt Lake City, UT 84111
T: 801.232.5311 ? F: 801.618-3835

NOTICE OF PRIVILEGED AND/OR CONFIDENTIAL NATURE OF THIS COMMUNICATION

This message is being sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, or a person responsible for delivering a copy to the intended recipient, please advise the sender immediately by reply e-mail or by calling the sender at (801) 232-5311<tel:(801)%20232-5311>. Immediately delete this message and any attachments without forwarding or making or retaining a copy. Thank you.
P Please consider the environment before printing this e-mail.



On May 3, 2017, at 4:36 PM, Young, Stewart (USAUT) 3 <Stewart.Young@usdoj.gov<mailto:Stewart.Young@usdoj.gov>> wrote:

Unlikely. I don't see how he qualifies for safety valve given his 2015 narcotics felony conviction.

Sent from my iPad

On May 3, 2017, at 4:35 PM, Rudy Bautista <rudy@bbpdefense.com<mailto:rudy@bbpdefense.com> <mailto:rudy@bbpdefense.com>> wrote:

Stew,

Sorry for late replies. Am I correct in understanding that he will be likely be sentenced to the low end of guideline 25 in his corresponding criminal history and not a mandatory 10 years?

Rudy J. Bautista ? Shareholder

Bautista, Booth & Parkinson, p.c.
215 South State Street, Suite 600
Salt Lake City, UT 84111
T: 801.232.5311 ? F: 801.618-3835

NOTICE OF PRIVILEGED AND/OR CONFIDENTIAL NATURE OF THIS COMMUNICATION

This message is being sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, or a person responsible for delivering a copy to the intended recipient, please advise the sender immediately by reply e-mail or by calling the sender at (801) 232-5311<tel:(801)%20232-5311>. Immediately delete this message and any attachments without forwarding or making or retaining a copy. Thank you.
P Please consider the environment before printing this e-mail.

On May 2, 2017, at 2:11 PM, Young, Stewart (USAUT) 3 <Stewart.Young@usdoj.gov<mailto:Stewart.Young@usdoj.gov> <mailto:Stewart.Young@usdoj.gov>> wrote:

Rudy,

Attached is a draft plea agreement for the Chavarin case. Please contact me with any questions.

Also, I'm hoping to speak with you about the Ocampo trial and about certain stipulations relating to the calls/etc. If you have a free moment, please feel free to call me at your convenience.

Thanks,
Stew.

Stewart M. Young
Assistant U.S. Attorney
U.S. Attorney's Office - District of Utah
Email: Stewart.Young@usdoj.gov<mailto:Stewart.Young@usdoj.gov> <mailto:Stewart.Young@usdoj.gov>
Office: (801) 325-3213
Cell: (801) 834-9459

<Chavarin SAP 5.2.2017.docx>

JOHN W. HUBER, United States Attorney (#7226)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-609 DB |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| ALAN EDUARDO CHAVARIN, | Judge Dee Benson |
| Defendant. | |

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

    1. As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Possession of Heroin with Intent to Distribute, are:

    a. The Defendant knowingly or intentionally possessed with intent to distribute a controlled substance as charged, namely, a mixture and substance containing a detectable amount of heroin;

    b. The controlled substance the Defendant possessed with intent to distribute contained a detectable amount of heroin, a Schedule I Controlled Substance.

    c. The controlled substance possessed, or attempted to be possessed, was at least 1 kilogram or more of a mixture or substance containing a detectable amount of heroin.

  2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment of up to Life, a minimum mandatory sentence of ten (10) years, a fine of $10,000,000 a term of supervised release of up to five (5) years, and any applicable forfeiture.  I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a.  Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

    b.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these procedures with my attorney.  I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a.  I have a right to the assistance of counsel at every stage of the proceeding.

    b.  I have a right to see and observe the witnesses who testify against me.

    c.  My attorney can cross-examine all witnesses who testify against me.

    d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On November 11, 2016, I was driving a black SUV on I-80 within the District of Utah. I admit that this vehicle contained 8 pounds (3.63 kilograms) of a substance containing a detectable amount of heroin. I admit that I knowingly possessed this substance with the intent to distribute it to another person. Furthermore, I admit that heroin is a Schedule I controlled substance.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count 1 of the Indictment.

      b. **Agreement for No Other Prosecutions.** The government also agrees not to seek indictment against me for any other type of offense of which the United States Attorney's Office for the District of Utah is aware at this time.

      c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

      d. **Statutory Sentencing Enhancements.** The government agrees to forego filing a sentencing enhancement under 21 U.S.C. § 851.

      e. **Mitigating Role in the Offense.** The government agrees that I was a minor/minimal participant in the criminal activity, and agrees to recommend that I be given a two (2)-level reduction in my base offense level pursuant to U.S.S.G. § 3B1.2 and § 2D1.1(a)(5). I understand that the Court is not bound by the government's recommendation.

      f. **Safety Valve.** [IF APPLICABLE] If I meet all of the requirements, the government agrees to recommend that I be given a two-level reduction under the safety valve or courier provision of § 5C1.2 of the Sentencing Guidelines. I understand that the Court need not follow the government's recommendation. For purposes of applying the safety valve, I agree and understand that it is my responsibility to contact the government in order to meet the requirement under § 5C1.2 of truthfully providing to the government all information I have regarding the offense or offenses that were part of the same course of conduct or a common scheme or plan. I understand that, due to my criminal history, I may not be deemed safety valve eligible, and therefore will be subject to the ten-year mandatory minimum sentence.

      g. **Acceptance of Responsibility**. The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

      h. **Advisory Sentencing Guideline Calculations Recommendation.** The United States' recommended advisory sentencing guideline calculations is based on the facts and circumstances currently known to the United States.

| | |
|---|---:|
| Drug Quantity Table – § 2D1.1(a)(5) & (c)(4)- Base Offense Level | 32[1] |
| Role Drop if Mitigating Role is Given - § 2D1.1(a)(5) | 30 |
| Mitigating Role – § 3B1.2 | -2 |
| <u>Acceptance of Responsibility - § 3E1.1</u> | <u>-3</u> |
| Total Offense Level | 25 |

If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider these guidelines calculations. I understand that the Court is not bound by the government's advisory sentencing guidelines calculations. There is no agreement as to the Defendant's criminal history.

      i. **Low-End Recommendation**. The government agrees to recommend at sentencing that I be sentenced at the low-end of the Sentencing Guideline range determined by the Court. The United States' agreement is based on the facts and circumstances currently known to the United States. If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider this recommendation. I understand that the Court is not bound by the government's recommendation.

      j. **Appeal Waiver.**

      (1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

      (2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

---

[1] The total amount of the substance the defendant possessed with intent to distribute as a mixture of heroin was 8 pounds (3.63 kilograms).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

k. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

l. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

m. **Waiver of Interest.** The government agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*     \*     \*     \*

I make the following representations to the Court:

1. I am ____ years of age. My education consists of _____. I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the

government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _____ day of _____, ____.

_____
ALAN EDUARDO CHAVARIN
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _____ day of _____, ____.

_____
RUDY BAUTISTA
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this _____ day of _____, \_\_\_\_.

                                       JOHN W. HUBER
                                       United States Attorney

                                       _____
                                       STEWART M. YOUNG
                                       Assistant United States Attorney

JOHN W. HUBER, United States Attorney (#7226)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-609 DB |
|---|---|
| Plaintiff, | ***SEALED*** |
| vs. | PLEA SUPPLEMENT PURSUANT TO DUCrimR 11-1 |
| ALAN EDUARDO CHAVARIN, | Judge Dee Benson |
| Defendant. | |

The United States of America, by and through the undersigned Assistant United States Attorney, and the defendant, by and through the undersigned counsel, pursuant to DUCrimR 11-1 hereby submit this Plea Supplement stating that as of the date below, there is no cooperation agreement between the United States and the defendant.

DATED this _____ day of _____, ____.

RUDY BAUTISTA
Attorney for Defendant

DATED this _____ day of _____, \_\_\_\_.

                              JOHN W. HUBER
                              United States Attorney

                              _____
                              STEWART M. YOUNG
                              Assistant United States Attorney